UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARICK KARPSTEIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant and Third Party Plaintiff, <br><br> v. <br><br> TEAM FINANCIAL SERVICES, LLC, *et al.*, <br><br> Third Party Defendants. | Case No. C15-966RSL <br><br> ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant's Motion for Summary Judgment" (Dkt. # 17) and "Plaintiffs' Motion for Summary Judgment" (Dkt. # 20). Having reviewed the materials submitted by the parties and the relevant record, the Court GRANTS defendant's motion and DENIES plaintiff's.

**BACKGROUND**

Plaintiffs Arick and Susanne Karpstein brought this action after they were defrauded of $97,000 by their former son-in-law, Aaron Travis Beaird. Beaird owned an insurance brokerage called Team Financial Services, was a licensed insurance agent in Washington, and had appointments to sell insurance products for a number of insurance companies, including

ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT - 1

defendant Allianz Life Insurance Company of North America.  In 2008, plaintiffs contacted Beaird about purchasing an annuity.  Beaird met with the Karpsteins and presented materials about an Allianz annuity, which they agreed to purchase.  The Karpsteins partially completed the application for the annuity, and Beaird said he would finish it for them.  Beaird also instructed the Karpsteins to make their check payable to Team Financial, contrary to the admonition on the annuity application that all checks should be made payable to Allianz.  Beaird deposited the Karpsteins' check in his Team Financial account and never purchased an Allianz annuity for the Karpsteins.  He did, however, occasionally provide fake annuity statements that sometimes bore an Allianz letterhead but at other times lacked a letterhead or included a OneAmerica letterhead.  In 2012, the Karpsteins' daughter informed them that Beaird had been defrauding them, along with other clients.  Beaird was prosecuted for his actions, pleaded guilty, ordered to pay $5.7 million in restitution to his victims, and sentenced to 84 months in prison.  The Karpsteins brought this action against Allianz to recover their $97,000, asserting claims under the Insurance Fair Conduct Act and Consumer Protection Act and for breach of contract and conversion.  Allianz asserted cross-claims against third-party defendants Team Financial Services LLC and Holly Marie Beaird.  The Karpsteins and Allianz filed cross motions for summary judgment.

**DISCUSSION**

**A. Summary Judgment Standard**

Summary judgment is appropriate if, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party, the moving party shows that "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party has satisfied its burden, the nonmoving party must then set out "specific facts showing that there is a genuine issue for trial" in order to defeat the motion. Id. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position" is not sufficient; this party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008).  On cross motions for summary judgment, the Court evaluates the motions separately, "giving the nonmoving party in each instance the benefit of all reasonable inferences." Lenz v. Universal Music Corp., No. 13-16106, 2015 WL 5315388, at *2 (9th Cir. Sept. 14, 2015) (internal quotation marks and citation omitted).

**B. Insurance Fair Conduct Act**

Plaintiffs assert a number of claims under the Insurance Fair Conduct Act (IFCA). Dkt. # 1 at 4-5.  The IFCA provides an avenue for relief for "first party claimants," defined as "an individual, corporation, association, partnership, or other legal entity asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by the policy or contract." RCW 48.30.010(7), 015(4).  As the Washington Court of Appeals, Division 1, has observed: "IFCA clearly vests a cause of action with first party claimants. . . .  That is, individuals and businesses who own an insurance policy may bring suit against their insurer for unreasonably denying a claim of coverage.  The purpose of IFCA is to protect individual policy holders from unfair practices by their insurers." Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 201 (2013) (citing S.B. Rep. on Engrossed Substitute S.B. 5726, at 2, 60th Leg., Reg Sess. (Wash. 2007); H.B. Rep. on Engrossed Substitute S.B. 5726, at 1, 60th Leg., Reg Sess. (Wash. 2007)).

Here, there is no dispute that the Karpsteins never had an Allianz annuity. Dkt. ## 18-1 at

24-25, 19 at 2-3, 20-2 at 27.  Therefore, the Karpsteins cannot be first party claimants entitled to seek relief under the IFCA.  Defendant's motion for summary judgment on plaintiffs' IFCA claim is accordingly GRANTED.

**C. Breach of Contract**

Allianz argues that summary judgment on plaintiffs' claim for breach of contract is appropriate both because the claim is time-barred and because Allianz is not a party to the alleged contract.  Dkt. # 17 at 13-16.  Because plaintiffs' claim is time-barred, the Court will not reach the question of whether Allianz is a party to the alleged contract.

The statute of limitations for a breach of contract action in Washington is three years for an oral contract and six years for a written contract.  RCW 4.16.080(3); .040(2).  Under Washington law, the general rule is that a cause of action accrues when a party has the right to apply to a court for relief.  Schreiner Farms, Inc. v. Am. Tower, Inc., 173 Wn. App. 154, 160 (2013) (quoting 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 575 (2006)).  This rule holds true for breach of contract claims: "a general breach of contract claim accrues on the date of the breach, not the date of discovery." Id. (citing 1000 Virginia, 158 Wn.2d at 578). While in some cases, the discovery rule – under which the statute of limitations begins to run when the plaintiff knows or has reason to know the factual basis for the action – will apply, the Washington Supreme Court has cautioned that only in limited circumstances, such as an action for latent construction defects, will the discovery rule apply in breach of contract actions.  1000 Virginia, 158 Wn.2d at 578-79.

In this case, plaintiffs state their breach of contract claim as follows: "By representing to the Karpsteins, through its duly authorized agent, that it would perform in providing an annuity in exchange for good and valuable consideration, Allianz's refusal to perform without legal excuse constitutes breach of contract." Dkt. # 1 at 6.  Thus, the contract plaintiffs allege that Allianz breached appears to be an agreement to use their $97,000 to purchase an annuity.  Any agreement to this effect was breached on the date that Beaird deposited the Karpsteins' check in

the Team Financial account – August 14, 2008.  See Dkt. # 18-1 at 42.  The Court need not decide whether the three or six year statute of limitations applies in this case to find that the statute of limitations has run on the Karpsteins' breach of contract claim.  The six year statute of limitations expired on August 14, 2014, and plaintiffs filed this suit on June 16, 2015.  Dkt. # 1.  Therefore, the breach of contract claim is time-barred.

Plaintiffs argue that "there was no breach until Allianz refused to reimburse the Karpsteins the $97,000 that its agent misappropriated." Dkt. # 22 at 8.  This assertion contradicts plaintiffs' own allegations regarding their breach of contract claim – that the breach occurred when Allianz, through its agent, did not provide an annuity in exchange for valuable consideration.  See Dkt. # 1 at 6.  The contract at issue was not a contract to repay the Karpsteins the amount that they believed they had tendered to purchase an annuity.  There is no basis for using the date on which on which Allianz refused to pay the Karpsteins the amount they had given to Beaird to start the clock on their breach of contract claim.

Alternatively, plaintiffs argue that the Court should apply a discovery rule, arguing that "the only alternative date of accrual that could apply in this case was June 22, 2012, the date on which the Karpsteins learned that their money had been stolen by Allianz' agent." Dkt. # 22 at 10.  However, as discussed above, the rule in Washington is that the statute of limitations begins to run on the date of breach, not the date of discovery.  Plaintiffs argue that Kelly v. Allianz Life Ins. Co. of N. Am., 178 Wn. App. 395 (2013), supports their position, but they read far too much into its limited holding.  The Kelly court acknowledged the general rule that accrual of a contract claim occurs on breach and that the discovery rule does not apply.  Id. at 399.  The court did not alter this general rule, but simply observed that the very latest point at which the claim could have accrued was when plaintiff was put on notice of the illegality of her annuity, and that even if this date were used her claim was time-barred.  Nothing in Kelly alters the Washington Supreme Court's admonition that the discovery rule does not apply to breach of contract claims except in very limited circumstances.  See 1000 Virginia, 158 Wn.2d at 578.

ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT - 5

1  Because plaintiffs' claim for breach of contract is time-barred, defendant's motion for
2  summary judgment on this issue is GRANTED.

**D. Consumer Protection Act and Conversion**

Plaintiffs assert a claim under Washington's Consumer Protection Act, RCW 19.86, *et seq.*, and a claim for conversion. Dkt. # 1 at 6. To avoid summary judgment against them on these claims, plaintiffs must show that there is a genuine dispute of material fact regarding Allianz's liability for Beaird's actions.

The Washington Supreme Court has described an agent's ability to bind his principal as follows:

> An agent's authority to bind his principal may be of two types: actual or apparent. Actual authority may be express or implied. Implied authority is actual authority, circumstantially proved, which the principal is deemed to have actually intended the agent to possess. . . . Both actual and apparent authority depend upon objective manifestations made by the principal. . . . With actual authority, the principal's objective manifestations are made to the agent; with apparent authority, they are made to a third person. . . . Such manifestations will support a finding of apparent authority only if they have two effects. First, they must cause the one claiming apparent authority to actually, or subjectively, believe that the agent has authority to act for the principal. Second, they must be such that the claimant's actual, subjective belief is objectively reasonable.

King v. Riveland, 125 Wn.2d 500, 507 (1994).

As set forth above, actual authority is dependent upon objective manifestations made by the principal to the agent. King, 125 Wn.2d at 507. It is undisputed that Allianz never expressly or impliedly allowed Beaird to possess funds on behalf of Allianz. The evidence shows just the opposite. Allianz's agreement with Beaird specifically provided: "Premium checks will be payable to and sent directly to the Company. No premium checks will be credited to a personal or business account." Dkt. # 19 at 6. Beaird signed this agreement, id., and plaintiffs have produced no evidence that suggests Allianz ever informed Beaird that this prohibition on the commingling of premium payments was ever lifted or modified. Allianz's express prohibition also precludes a finding that Beaird had implied authority to accept funds on behalf of Allianz. Plaintiffs appear to argue that by entering into an agency agreement with Beaird, Allianz

assumed responsibility for any of Beaird's actions purportedly taken on behalf of Allianz. Dkt. # 22 at 11-12. This position is unsupported by Washington law. While <u>Lamb v. General Assocs., Inc.</u>, 60 Wn.2d 623, 628 (1962), leaves open the possibility that if a principal "knowingly causes or permits" an agent to act in a way that leads a third party to believe that the agent possesses the authority he is exercising, the principal may be estopped from denying that the agent possesses that authority. Plaintiffs have not produced any evidence that Allianz knowingly caused or permitted Beaird to accept funds purportedly on behalf of Allianz. Again, the agreement between Allianz and Beaird leads to the opposite conclusion. <u>Lamb</u> therefore does not lead the Court to reach a different conclusion regarding Beaird's lack of actual authority to accept funds on behalf of Allianz. The Court concludes that Beaird lacked actual authority, express or implied, to do so.

Apparent authority, like actual authority, depends upon objective manifestations by the principal, but in the case of apparent authority these manifestations are made to the claimant. <u>King</u>, 125 Wn.2d at 507. An agent will be found to have apparent authority if the principal's objective manifestations lead the claimant to subjectively believe the agent possesses the authority and the belief is objectively reasonable. <u>Id.</u> "To constitute a manifestation of an agent's apparent authority by the principal, the circumstances must be such that a prudent person would have believed that the agent possessed the authority to do the particular act in question." <u>Barnes v. Treece</u>, 15 Wn. App. 437, 442 (1976). While the question of apparent authority is normally one for the trier of fact, the Court may make a determination if "there is no evidence presented to create that question of fact." <u>Mauch v. Kissling</u>, 56 Wn. App. 312, 316 (1989).

The only objective manifestations by Allianz to the Karpsteins regarding Beaird's authority to accept payment for the annuity clearly indicated that Beaird did not have the authority. Above the Karpsteins' signatures on the annuity application, the form states: "Make all checks payable to Allianz. Do not make checks payable to an agency, broker, agent, or leave blank." Dkt. # 19 at 11. Arick Karpstein confirmed that no one from Allianz contradicted the

ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT - 7

requirement on the annuity application that the check be made payable to Allianz. Dkt. # 18-1 at 30. Whether or not the Karpsteins subjectively believed that Beaird possessed the authority to accept payment on behalf of Allianz, there is no evidence that a prudent person would have believed Beaird possessed the authority to do so. The Court therefore concludes that Beaird lacked apparent authority to accept a payment for an Allianz annuity.

In any case, under Washington's jurisprudence regarding vicarious liability, Allianz is not liable for intentional tortious or criminal acts undertaken by its agent solely for his own objectives. See Kuehn v. White, 24 Wn. App. 274, 278 (1979) ("Where the servant's intentionally tortious or criminal acts are not performed in furtherance of the master's business, the master will not be held liable as a matter of law even though the employment situation provided the opportunity for the servant's wrongful acts or the means of carrying them out."); see also Robel v. Roundup Corp., 148 Wn.2d 35, 53 (2002) ("The proper inquiry is whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct."); Thompson v. Everett Clinic, 71 Wn. App. 548, 553 (1993) (noting that the rule in Kuhn "sets forth that a tort committed by an agent, even if committed while engaged in the employment of the principal, is not attributable to the principal if it emanated from a wholly personal motive of the agent and was done to gratify solely personal objectives or desires of the agent."). Citing Simmons v. United States, 805 F.2d 1363 (9th Cir. 1986), plaintiffs argue that Beaird's conduct was "in conjunction with actions that did further Allianz' business interests" and that therefore Allianz is liable as a matter of law. Dkt. # 25 at 11-12. Plaintiffs do not, however, explain what actions Beaird took that could be considered to have furthered Allianz's interests. This situation is analogous to that in Kuhn – Beaird's status as Allianz's agent provided the opportunity for Beaird's criminal and tortious conduct, but there is no evidence that what he did furthered Allianz's business. Therefore, Allianz cannot be held vicariously liable for his criminal and tortious conduct toward the Kaarpsteins.

Beaird lacked the ability to bind Allianz because he did not have actual or apparent

ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT - 8

authority to accept payments on behalf of Allianz. Moreover, Allianz cannot be held vicariously liable for Beaird's tortious and criminal actions because they were performed solely for Beaird's own benefit. Therefore, summary judgment is GRANTED for Allianz on plaintiffs' CPA and conversion claims.

**E. Allianz's Cross-Claims Against Third-Party Defendants**

Allianz asserted cross-claims against third-party defendants Team Financial Services LLC and Holly Marie Beaird. Dkt. # 6 at 6-9. These claims appear dependent upon Allianz being found liable for Beaird's conduct. See id. Because the Court concludes that summary judgment should be granted in favor of Allianz on all of plaintiffs' claims, the Court dismisses as moot Allianz's cross-claims. If Allianz believes that this decision is in error, it is directed to file a motion for reconsideration with 14 days of the date of this order. The Court will review the motion for reconsideration under a lesser standard than "manifest error," LCR 7(h)(1), because it has not had the benefit of briefing on this topic. If Allianz does not file a motion for reconsideration, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Allianz's motion for summary judgment (Dkt. # 17) and DENIES the Karpsteins' motion for summary judgment (Dkt. # 20).

DATED this 31st day of October, 2016.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT - 9